UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDY COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:19-cv-4203-RLY-MPB |
| | ) |
| SPARTANNASH ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES**

Defendant, SpartanNash Associates, LLC ("SpartanNash") hereby moves this Court for an award of attorneys' fees in the amount of $2,368.80. In support of its motion, SpartanNash states as follows:

1. This matter has been pending since October 14, 2019.

2. The parties conducted a settlement conference with Magistrate Judge Brookman on June 18, 2020, which resulted in a negotiated settlement. On June 19, 2020, Judge Brookman entered an order vacating all case management dates relating to discovery, filings, schedules, conferences and trial.

3. Based on the foregoing settlement, SpartanNash immediately ceased all discovery efforts with the expectation that the case was settled and that a dismissal would be forthcoming, per the parties' agreement and the Court's June 19, 2020 order.

4. Counsel for SpartanNash worked promptly and diligently to prepare a settlement agreement that reflected the terms of the parties' negotiated settlement, transmitting a draft agreement to plaintiff's counsel on June 19, 2020.

5. Counsel for the parties then exchanged and negotiated changes to the proposed settlement agreement through July 9, 2020, when the undersigned counsel transmitted a final, negotiated draft of the Settlement Agreement for signature. Plaintiff executed the agreement on July 16, 2020 and, one day later, revoked her agreement pursuant to the Older Workers Benefit Protection Act, 29 U.S.C. § 623, *et seq*. This was nearly a full month after Plaintiff first agreed to settle her claims, and only after SpartanNash had incurred time and expense preparing a settlement agreement.

6. Specifically, SpartanNash incurred attorney fees in the amount of $2,368.80 to prepare, negotiate, and finalize a written settlement agreement, all in reliance upon Plaintiff's agreement to settle her claims in this matter.

7. Federal courts have inherent power to assess attorneys' fees against parties and their counsel. *Knepper v. Skekloff*, 154 B.R. 75 (N.D. Ind. 1993) (citing *Chambers v. Nasco*, 501 U.S. 32 (1991)). An award of fees is appropriate when a party needlessly delays or disrupts a proceeding. *Chambers*, 501 U.S. at 33.

8. Recoverable attorneys' fees are limited to the reasonable fees that an attorney would charge a client. *Bowerman v. Wal-Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 21616, at *3 (S.D. Ind. Nov. 30, 2000). "The attorney's standard hourly rate is the best measure of the attorney's reasonable hourly rate." *EEOC v. Accurate Mech. Contractors, Inc.*, 863 F. Supp. 828, 834 (E.D. Wis. 1994) (citing *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993)). This is because the rate clients are willing to pay the attorney accounts for his/her individual skill and ability. *Gusman*, 986 F.2d at 1150.

9. The Court also must determine whether the time allotted to the given task is reasonable under the circumstances. *Accurate Mech.*, 863 F. Supp. at 834. However, "[t]he

essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826; 131 S. Ct. 2205, 2216; 180 L. Ed. 2d 45 (2011).

10. The undersigned defense counsel spent 4.7 hours of time preparing, negotiating, and finalizing a written settlement agreement that reflected the parties' negotiations and agreement in the June 18, 2020 settlement conference. The precise tasks performed in this regard, and the amount of time devoted to those tasks, is set forth on the attached **Exhibit A**. This work was both necessary and efficiently performed. The undersigned counsel's billing rate in this matter is $504.00/hour, which is reasonable in light of her knowledge, skills, and more than 25-years' of experience, as set forth in the attached professional biography at **Exhibit B**.

11. These fees would not have been incurred by SpartanNash in the absence of Plaintiff's agreement and subsequent failure to notify SpartanNash of her intended revocation until after a written settlement agreement had been prepared. SpartanNash therefore requests that this Court enter an Order in the form attached hereto as **Exhibit C** directing Plaintiff to pay SpartanNash $2,368.80 within 30 days following entry of the order.

12. Pursuant to Local Rule 7-1 (g)(2), the undersigned counsel for SpartanNash conducted a telephone conference with Plaintiff's counsel Ryan Sullivan on Tuesday, September 1, 2020, in which the nature and substance of this motion and the requested relief were discussed, and Plaintiff's concurrence sought. Plaintiff declined to concur in the relief requested herein.

| | |
|---|---|
| Dated: September 2, 2020 | */s/Andrea J. Bernard*<br>Andrea J. Bernard (Mich. Bar No. P49209)<br>*Admitted Pro Hac Vice*<br>WARNER NORCROSS + JUDD LLP<br>150 Ottawa Avenue NW, Suite 1500<br>Grand Rapids, Michigan 49503<br>(616) 752-2199<br>abernard@wnj.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Ryan Sullivan, Atty No. 34217-64
BIESECKER DUTKANYCH & MACER, LLC
Suite 1300
8888 Keystone Crossing
Indianapolis, IN 46240

                                      */s/Andrea J. Bernard*
                                      Andrea J. Bernard